# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RAYMOND T. PEEPLES and )
MARTHA PEEPLES, )
 )
    Plaintiff, )
 )
v. ) Case No. CV415-039
 )
CUSTOM PINE STRAW, INC., )
WESTFIELD INSURANCE )
COMPANY, )
 )
    Defendants. )

# ORDER

While employed by Lowes, Raymond T. Peeples crawled underneath a pine-straw loaded truck trailer to retrieve some stored sod. Doc. 11 at 4; doc. 13-1 at 1-2.[1] One of the trailer's tires then exploded, permanently damaging his hearing. Joined by his wife (consortium claim), he filed this personal injury case against the trailer's owner, Custom Pine Straw, Inc. ("CPS"), and its insurer, Westfield Insurance Company. Doc. 11 at 6. Over two months after the defendants moved for summary judgment contending that plaintiffs cannot prove

---

[1] For the purpose of this Order, the Court is accepting as true the factual assertions contained in the parties filings, including their Joint Status Report. Doc. 11.

negligence,[2] plaintiffs moved to extend discovery and amend their Complaint to add a negligence *per se* claim. Docs. 22 & 20. Alternatively, they seek leave to dismiss their case without prejudice. Doc. 22 at 1, 8.

Those two motions are before the undersigned. Defendants oppose, arguing that plaintiffs conducted no discovery for some 1.5 years in this case (it began in state court, then was removed here), and only in the face of a pending summary judgment motion are they now endeavoring to supplement their case. Doc. 23. These facts are not disputed. In fact, plaintiffs' counsel attests that they want to retain an expert in support of their summary judgment opposition motion. Doc. 22-1 at 5 ¶ 16. They also would like to depose a CPS representative, as well as a Lowes representative, about the Lowes/CPS contract. *Id.*

The parties' "summary judgment motion" facts inform the determination that must be made here. First, Raymond "Peeples admits that he has no idea what caused the tire to fail. He likewise has failed to come forward with any expert testimony to show what caused the tire to

---

[2] That August 7, 2015 motion (doc. 13) remains before the district judge.

fail." Doc. 13-1 at 4 (cited omitted). And "[a]t no time while Mr. Peeples was under the trailer did [he] see any problems with the tires." *Id.* at 1.

Second, CPS contends that there is no way Peeples can prove his negligence claim against it. *Id.* at 6 (citing *Cope v. Enter. Rent-A-Car*, 250 Ga. App. 648, 650 (2001)).[3] With that claim impaled, the ancillary

---

[3] Defendants further explain that CPS's:

> driver delivered the trailer to [Lowes] on June 15, 201[2], thirteen days prior to the subject incident. During that time, the trailer was in the exclusive control of Lowes in its parking lot. At some point after delivery, Lowe's employees presumably moved pallets of sod by forklift under the trailer, placing the pallets near the trailer tires. Because sod was delivered on a Thursday typically, it is possible that more than one shipment of sod was stored under the trailer. From the date of delivery to the date of the incident, no one reported to [CPS] that there were problems with the trailer tires. Mr. Peeples likewise confirmed that he did not observe any problems with the tires during the ten to fifteen minutes that he was under the trailer. He likewise confirmed he had no idea what caused the tire to fail and he has failed to come forward with any evidence, expert testimony or otherwise, to show what caused the tire to fail.

Doc. 13-1 at 6. Defendants conclude that plaintiffs "have failed to introduce any evidence that any alleged failure to maintain [CPS's] trailer was in the cause in fact of Mr. Peeples injuries. Therefore, [defendants] are entitled to summary judgment." *Id.*

The Court notes *Firestone Tire. Co. v. King*, 145 Ga. App. 840, 842 (1978) (tire blew out, injuring plaintiff, whose experts "could not specify the exact nature of the defect which, in their opinion, caused the tire to fail, but instead merely speculated as to possibilities such as contamination of materials or undervulcanization"; held, "We do not agree that it was necessary for the [plaintiff] to specify the nature of the defect in order to meet her burden of proof. It has often been held that the existence of a manufacturing defect in a products liability case may be inferred from circumstantial evidence."), quoted in *Gen. Motors Corp. v. Blake*, 237 Ga.App. 426, 429-30 (1999). Of course, CPS is not a tire manufacturer, and plaintiffs raise no product liability claims here, only simple negligence. And their negligence claim is predicated on obviously

3

claims (attorney fees, claim against the insurer, consortium) also fail, entitling defendants to complete summary judgment. *Id.* at 9. Defendants thus insist that further discovery would be futile. *Id.*

Plaintiffs concede that the blown tire was lost after the incident, and they accuse no one of any wrongdoing (spoliation, for example) on that score. Doc. 18 at 6. They do have a pre-explosion picture of the tire but concede they have no expert witness (again, there is now no tire to examine). *Id.* But (they claim) their picture shows that the tire was unmolested by external forces. And (they contend) CPS had a duty to inspect and maintain the tire (CPS says one of its employees inspected it on June 11, 2012, and this incident occurred 13 days later). Hence, plaintiffs conclude, a jury issue exists over whether CPS breached its duty to maintain its tire so it would not explode on a hot summer day. *Id.* at 7; *see also id.* at 9-11 (invoking the *res ipsa loquitur* doctrine); doc. 18 at 18 (picture of the blown tire). They have also moved under Fed. R. Civ. P. 56(d) to defer summary judgment ruling until they "have the

---

speculative evidence: Since there is no tire to analyze, no causational analysis can be expertly performed. And even were plaintiffs to show *negligence per se,* they still must prove causation, *Groover v. Johnston*, 277 Ga. App. 12, 17 (2005) (even when negligence *per se* has been shown, proximate cause must still be proved), which at best is an uphill if not impossible task in this case -- evidently why plaintiffs expressly seek, as an alternative, a no-cost dismissal under Rule 41.

4

opportunity to obtain an affidavit and take discovery in this case." *Id.* at 12.

As noted, plaintiffs waited until nearly two months after defendants moved for summary judgment before seeking to amend their Complaint. Doc. 20. They say they want to add "an additional count of negligence *per se* based on the [CPS's] violation of federal rules and regulations related to the inspection and maintenance of a commercial carrier." *Id.* at 1. Plus, their "new counsel" raised a *negligence per se* encompassing argument in their response to defendants' summary judgment motion, and now they want to formally plead that claim. *Id.* at 1-2. They thus "request an amendment to the scheduling order to allow for limited discovery, including filing an expert report." *Id.* at 4. Hence, they want to use an expert witness which (they fail to acknowledge this) will entitle the defendants to conduct discovery (depose the expert, etc.).

The Court agrees with the defendants. Plaintiffs had until April 20, 2015 to amend their Complaint, until June 14, 2015 to furnish an expert witness report, and until July 9, 2015 to complete discovery. Doc. 7 at 1-2 (Scheduling Order). They must show good cause to justify leave to amend the pleadings after the Scheduling Order's deadlines. Fed. R.

Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "Once a party seeking untimely amendment has met the 'good cause' standard of Rule 16(b), the Court will examine whether the substance of the amendment meets the requirements of Rule 15(a)(2)." *Remington v. Newbridge Sec. Corp.*, 2014 WL 505153 at * 12 (S.D. Fla. Feb. 7, 2014), quoted in *Cafaro v. Zois*, 2015 WL 7768231 at * 1 (S.D. Fla. Dec. 2, 2015).

To determine good cause this Court "looks to whether the evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 784 (E.D.N.C. 2011); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."). No such evidence has been supplied here. Plaintiffs point to their "new counsel" as a mitigating factor, but as defendants point out (doc. 23 at 2-3), she was in this case until it was removed. Doc. 1-1 at 14; doc. 12; *see also* doc. 15; doc. 22-1. After joining this Court's bar, she re-appeared in this case. Notably, her affidavit here fails to mention that she represented

plaintiffs when their case was in the state court. Nor do plaintiffs show what, following removal, prevented the two lawyers who represented them from timely amending their Complaint. Indeed, it is obvious that counsel waited until defendants educated them to the hole in their case before they thought about bolstering it with a negligence *per se* theory.[4] And that unfolded *after* defendants undertook their discovery, while plaintiffs invested in none. Doc. 23 at 2.

Plaintiffs' motions (docs. 22 & 23) therefore are **DENIED**.

**This SO ORDERED**, this 11th day of December, 2015.

*/s/ JR Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] *See Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) ("A plaintiff does not establish good cause to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline.") (quotes and cite omitted); *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) ("[I]f the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied"); *In re Acceptance Ins. Cos., Sec. Litig.*, 352 F. Supp. 2d 928, 933 (D. Neb. 2003) ("[W]hen a motion to amend a complaint is based on allegedly new information that the plaintiff knew, or through the exercise of reasonable effort could have known at an earlier time, the motion should be denied"), cited in *John Hancock Life Ins. Co. (U.S.A.) v. Allen*, 2014 WL 5488832 at * 3 n. 4 (S.D. Ala. Oct. 28, 2014).