FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 MAR 29 AM 9:03
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAYMOND T. PEEPLES and MARTHA PEEPLES,

    Plaintiffs,

v.

CUSTOM PINE STRAW, INC. and WESTFIELD INSURANCE COMPANY,

    Defendants.

CASE NO. CV415-039

## O R D E R

Before the Court is Defendants' Motion for Summary Judgment. (Doc. 13.) For the following reasons, Defendants' motion is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

This case involves[1] an injury Plaintiff[2] Raymond T. Peeples suffered while working at a Lowe's Home Improvement store. On June 15, 2012, Defendant Custom Pine Straw ("CPS") delivered a load of pine straw to the Lowe's store

---

[1] For the purposes of ruling on Defendants' Motion for Summary Judgment, the Court construes the facts in the light most favorable to Plaintiffs. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 577-78 (1986).

[2] Because Plaintiff Martha Peeples's loss of consortium claim is entirely derivative, the Court will refer to Plaintiff Raymond Peeples as Plaintiff.

in Pooler, Georgia. (Doc. 17 at 1-2.) Defendant CPS loaded the pine straw on a trailer and transported it 215 miles from Branford, Florida. (Id. at 1-2, 9.) Defendant CPS left the trailer in the Lowe's parking lot, adjacent to the store's garden center, where the pine straw was available for purchase. (Id. at 2.)

On June 28, 2012, Plaintiff was assisting a customer with the selection of grass sod. (Id.) Lowe's stored the sod underneath Defendant CPS's trailer to protect the sod from the extreme summer heat. (Id. at 2-3.) Plaintiff was kneeling beneath the trailer when its front, outer tire exploded. (Id. at 3.) Defendant was around five feet from the tire at the time of the explosion. (Id.) The violent nature of the explosion caused Defendant to strike his head on the underside of the trailer, and suffer hearing loss and tinnitus.[3]

Based on the explosion, Plaintiff filed a complaint in the State Court of Chatham County. (Doc. 1, Ex. A.)

---

[3] Tinnitus is "a sensation of noise (as a ringing or roaring) that is caused by a bodily condition (as a disturbance of the auditory nerve or wax in the ear) and typically is of the subjective form which can only be heard by the one affected." Merriam,-Webster, http://www.merriam-webster.com/medical/tinnitus (last visited Mar. 25, 2016).

Defendants invoked this Court's diversity jurisdiction and timely removed the complaint to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1.) In his complaint, Plaintiff alleges that his injuries—permanent hearing loss and tinnitus—were caused by Defendant CPS's negligence. (Doc. 1, Ex. A ¶ 30-33.) Also, Plaintiff brings a "Direct Action" for insurance coverage against Defendant CPS's insurer—Defendant Westfield Insurance Company ("Westfield"). (Id. ¶¶ 38-41.)

In their Motion for Summary Judgment, Defendants argue that Plaintiff has failed to present any evidence that Defendant CPS breached any duty owed to Plaintiff. (Doc. 13, Attach. 1 at 7.) Specifically, Defendants maintain that there is no evidence in the record as to the cause of the tire explosion. (Id. at 5-7.) In response, Plaintiff generally asserts that there was no evidence to suggest that the explosion was caused by anything other than incorrect tire maintenance by Defendant combined with the heat of the asphalt in the Lowe's parking lot. (Doc. 18 at 5-7.)

**ANALYSIS**

I. <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (<u>citing</u> Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. <u>DeLong Equip. Co. v. Wash. Mills Abrasive Co.</u>, 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

5

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff must satisfy four elements to prove a claim for negligence: (1) a legal duty to conform to a standard of conduct; (2) a breach of that duty; (3) an injury; and (4) some causal connection between the breach and the injury. Heston v. Lilly, 248 Ga. App. 856, 857-58, 546 S.E.2d 816, 818 (2001) (quoting Bradley Ctr., Inc. v. Wessner, 250 Ga. 199, 200, 296 S.E.2d 693, 695 (1982)). In this case, there is no evidence that Defendant breached any duty owed to Plaintiff. The entirety of Plaintiff's evidence can be summarized as follows: Defendant CPS delivered the trailer, a tire on the trailer exploded after sitting in the parking lot for thirteen days, and Plaintiff believes that the tire explosion could only have been caused by Defendant CPS's failure to adequately maintain the tire. However, Plaintiff's mere opinion that there appeared to be no other cause than an improperly maintained tire on a hot asphalt parking lot falls woefully short of establishing that a breach of some duty by Defendant CPS caused the explosion. No reasonable jury would be entitled

6

to rely on such rank speculation to find Defendant CPS negligent.

Plaintiff's attempted use of the doctrines of res ipsa loquitur and negligence per se to perform an end-run around the evidentiary deficiency gains little ground. Even ignoring the fact that Plaintiff pled neither theory in his complaint, both are inapplicable to this case. The record is clear that the trailer was parked in the Lowe's parking lot, unattended by Defendant CPS, for thirteen days prior to the accident. (Doc. 18 at 2.) In no way was the trailer within the exclusive control of Defendant during this time. See Aderhold v. Lowe's Home Ctrs., Inc., 284 Ga. App. 294, 295, 643 S.E.2d 811, 812-13 (2007) (quoting Kmart Corp. v. Larsen, 240 Ga. App. 351, 352, 522 S.E.2d 763, 765 (1999)) (requiring exclusive control as element of res ipsa loquitur doctrine). Plaintiff's negligence per se theory is equally inapplicable for several reasons, chief among them the fact that the regulation[4] upon which Plaintiff relies

---

[4] Plaintiff's negligence per se theory relies on the following regulation:

(1) No motor vehicle shall be operated on a tire which has a cold inflation pressure less

was not intended to protect individuals crouched under trailers from losing their hearing or suffering from tinnitus. See Groover v. Johnston, 277 Ga. App. 12, 13, 625 S.E.2d 406, 408 (2005) (citing Brown v. Belifante, 252 Ga. App. 856, 861, 557 S.E.2d 399 (2001)) (noting that negligence per se applicable only where "person harmed falls within the class of persons the legislation was intended to protect and [] the harm or injury actually suffered was the same harm the statute was intended to guard against").

In this case, Plaintiff's evidentiary shortcomings are bountiful and Defendant CPS is obviously entitled to summary judgment. As a result, Plaintiff's claim against Defendant Westfield necessarily fails, as does Plaintiff Martha Peeples's claim for loss of consortium. At this

---

        than that specified for the load being carried.
(2)  If the inflation pressure of the tire has been increased by heat because of the recent operation of the vehicle, the cold inflation pressure shall be estimated by subtracting the inflation buildup factor shown in Table 1 from the measured inflation pressure.

49 C.F.R. § 393.75(h).

stage in the game, it takes evidence to ante in. Having none, Plaintiff must sit out this hand.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 13) is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 28th day of March 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA